IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TERRY GREATHOUSE,

       Plaintiff,

v.                                               No. 1:24-cv-1030 DLM/JFR

COMERICA BANK,

       Defendant.

## ORDER GRANTING JURY TRIAL REQUEST

**THIS MATTER** is before the Court on Plaintiff's late demand for a jury trial. (Doc. 32.) Defendant Comerica Bank opposes the motion. (*See* Doc. 36.) After careful consideration, and for the following reasons, the motion seeking a jury trial is **GRANTED**.

**I.   BACKGROUND**

Plaintiff filed this lawsuit in New Mexico state court on July 22, 2024, claiming that his Social Security disability payments—held by Comerica Bank—were stolen and alleging six causes of action. (*See* Doc. 1.) In his initial complaint, no jury demand was made. (*Id.*) On October 9, 2024, Comerica Bank properly removed this case to federal court. (*Id.*)

In anticipation of a Rule 16 scheduling conference, the parties submitted a joint status report on November 25, 2024, signed by counsel for Plaintiff, which reiterated that this case was a non-jury case. (Doc. 14 at 6.) At the December 4, 2024 Rule 16 conference, the parties stated that they had exchanged initial disclosures and discussed the appropriate discovery track for this case. (*See* Doc. 17.) The Court placed this matter on a modified 180-day discovery track. (*See id.*) Since then, Plaintiff has served requests for production and interrogatories, which Comerica Bank has responded to. (*See* Doc. 36 ¶ 2.)

On January 15, 2025, at a trial scheduling conference, Plaintiff first stated his desire to have a jury trial instead of a bench trial. (Doc. 29.) After the trial scheduling conference, the Court set a four-day bench trial to occur the following year in February 2026. (Doc. 30.) The Court also set a deadline of February 14, 2025, for Plaintiff to file a motion to request a jury trial. (Doc. 31.) Plaintiff filed his request on January 17, 2025. (Doc. 32.) On February 7, 2025, Plaintiff filed a notice that briefing was complete and stated that under the Local Rules, Comerica Bank's time to file a response had ended. (Doc. 35.) Comerica Bank filed its opposition that same day.[1] (Doc. 36.)

## II.  LEGAL STANDARD

"The right to a jury trial is enshrined in the Seventh Amendment to the federal Constitution, and has been incorporated into the Federal Rules of Civil Procedure . . . ." *Pruess v. Presbyterian Health Plan, Inc.*, No. 1:19-cv-00629-DHU-JFR, 2024 WL 1329434, at *2 (D.N.M. Mar. 28, 2024) (citing Fed. R. Civ. P. 38(b)). Federal Rule of Civil Procedure 38(b) states that "[o]n any issue triable of right by a jury, a party may demand a jury trial by . . . serving the other parties with a written demand . . . no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b). The failure to properly serve and file a timely demand for a jury trial waives the right to a jury trial. Fed. R. Civ. P. 38(d). Relatedly, Rule 39(b) says that when a plaintiff fails to demand a jury trial, the court tries the case, but the court may, upon request, order a jury trial. Fed. R. Civ. P. 39(b); *see also Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (noting the court's

---

[1] Under D.N.M. LR-Civ. 7.4, "[a] response must be served and filed within [14] calendar days after service of the motion," Comerica Bank argues that because Plaintiff filed its motion well before the Court's February 14 deadline, its response, filed 21 days after Plaintiff's motion, is timely. (*See* Doc. 37.) Comerica Bank cites no authority in support of this novel proposition, nor could it, as it is incorrect. The Court imposed a deadline for Plaintiff to file its motion, but nothing in the Order gave Comerica Bank 14 days ***after*** the deadline to respond. (*See* Doc. 31.) Rather, the time to respond is calculated from the date the motion is filed, and Comerica Bank's response is untimely under Rule 7.4. Regardless, the Court has considered the response brief in deciding this motion.

"broad" discretion to grant or deny a jury trial). And the Tenth Circuit has held that under Rule 39, trial courts should grant untimely jury requests absent "strong and compelling reasons to the contrary." *Pruess*, 2024 WL 1329434, at *2 (quoting *Nissan Motor Corp. in U.S.A. v. Burciaga*, 982 F.2d 408, 409 (10th Cir. 1992)).

### III.   DISCUSSION

Plaintiff asks the Court to grant his late motion for a jury trial and explains that his failure to file a jury demand was due to "inadvertence." (Doc. 32.) Comerica Bank opposes the request and argues that (1) mere inadvertence is a proper reason to deny the request (Doc. 36 ¶¶ 7–9); (2) Plaintiff consented to a bench trial and the late jury demand is a change in litigation strategy (*id.* ¶¶ 10–12); and (3) Plaintiff's Electronic Funds Transfer Act (EFTA) claims are not appropriate for jury trials (*id.* ¶¶ 13–16). Comerica Bank further argues that had a jury trial been originally requested, its litigation strategy would have been different because it would not have agreed to a modified 180-day discovery schedule and "it would have been less inclined to agree to early mediation." (*Id.* ¶ 5.)

Comerica Bank filed their answer on November 11, 2024, and the deadline for Plaintiff to file a jury demand was November 25, 2024. (*See* Doc. 10.) The jury demand was ultimately filed 53 days after the deadline. (*See* Doc. 32.) Additionally, Plaintiff consented to a bench trial by filing the joint status report, which indicated that this was a non-jury case. (Doc. 14 at 6.) Comerica Bank cites *Henry v. Albuquerque Job Corps Ctr.*, for the proposition that mere inadvertence is a proper reason to deny Plaintiff's request. No. 11-cv-0322 WJ/LAM, 2014 WL 12631440, at *2 (D.N.M. June 3, 2014) (quoting *Nissan*, 982 F.2d at 409). But neither the *Henry* court nor the *Nissan* court denied the untimely requests for inadvertence alone. *Id.* Rather, the *Henry* court found that a jury demand filed three years past the deadline, after settlement

3

negotiations occurred, and just before discovery ended, *plus* inadvertence were strong and compelling reasons to deny the request. *Id.* Similarly, the *Nissan* court held that inadvertence plus a two-year delay in the jury demand supported denial of the mandamus request for a jury trial. *Nissan*, 982 F.2d at 409. Comerica Bank's other purportedly supportive cases fare no better because in each case, the courts found that inadvertence plus other factors favored denial of the requests:

- In *Dill v. City of Edmond*, the denial was based on inadvertence plus an untimely demand made a year and a half after the complaint was filed. 155 F.3d 1193, 1208 (10th Cir. 1998).

- In *Oklahoma Natural Gas Co. v. LaRue*, the denial was based on inadvertence plus the close timing of the request and the trial—only a few weeks separating the two events—and the thirteen months of prior constructive notice to the parties that the case was scheduled to be a non-jury trial. Nos. 97-6093, 97-6224, 97-6087, 1998 WL 568321, at *6–7 (10th Cir. 1998).

- In *West Ridge Group, LLC v. First Trust Co. of Onaga*, the denial was based on inadvertence plus a ten-month delay from the court's issuing a scheduling order to the filing of the late request; and Plaintiff's "cryptic" argument and "scurrilous allegation" in support of the request. 414 F. App'x 112, 116–17 (10th Cir. 2011).

- In *Cordero v. Froats*, the court expressed skepticism as to inadvertence and denied the request because Plaintiff confirmed three times the case would be tried as a bench trial, including orally at a settlement conference, and only made the request a few months before trial and three-and-one-half years after the complaint was filed. No. CV 13-031 JCH/GBW, 2016 WL 7437133, at *3 (D.N.M. Oct. 19, 2016).

While the Court agrees with Comerica Bank that it is not an abuse of discretion to deny Plaintiff's untimely request, it does not follow that the Court must reject this request. What is allowable is not always proper. "The constitutional right to a jury is absolutely fundamental and therefore 'the federal policy favoring jury trials is of historic and continuing strength.'" *Pruess*, 2024 WL 1329434, at *2 (holding right to jury trial paramount despite a request made close to end of discovery and four years after case was filed) (quoting *AMF Tuboscope, Inc. v. Cunningham*, 352 F.2d 150, 155 (10th Cir. 1965)). And in the Tenth Circuit, untimely jury demands are routinely granted "absent strong and compelling reasons for denying such a motion." *Blanks v. Hypower, Inc.*, No. 12-440 JCH/ACT, 2012 WL 13076177, at *3 (D.N.M. Sept. 17, 2012) (citations omitted).

Comerica Bank next argues that the change in litigation strategy reflected in the jury trial request, Plaintiff's consent to a bench trial in the joint status report, and the nature of Plaintiff's suit (EFTA claim) are all strong and compelling reasons to deny Plaintiff's request. The Court disagrees.

First, any change from a non-jury trial to a jury trial necessarily involves changes in litigation strategy. If the Court were to deny a request based on such changes, it would create an insurmountable rule against untimely jury demands, because any untimely demand could be characterized as a change in litigation strategy creating a strong and compelling reason to deny the request. Accordingly, the Court declines to find this alone is a strong and compelling reason to deny Plaintiff's request.

Second, Plaintiff did consent to a bench trial in the joint status report filed before the Rule 16 conference. (Doc. 14.) But the scheduling order resulting from the Rule 16 conference only issued two months ago and the parties are still near the beginning of litigation. (Doc. 19.)

5

Discovery is set to end in four months and the parties have not yet reached the first case management deadline in the scheduling order. Further, the parties have not held a settlement conference and trial is a year from now. (Doc. 30.) Accordingly, there is ample time to modify the existing scheduling deadlines, and no purpose would be served, nor would any prejudice be created, by holding Plaintiff's consent to a bench trial as sacrosanct.

Lastly, by statute, EFTA damages are determined by a court, 15 U.S.C. § 1693m(b), but liability may be determined by a jury. Comerica Bank concedes that when determining whether to grant or deny a late jury demand, courts in the Tenth Circuit do not consider the appropriateness of presenting such issues to a jury. (Doc. 36 ¶ 13.) But Comerica Bank then goes on to assert that EFTA claims are not appropriate for jury trials and offers two cases in support of its position. (*Id.* ¶ 14.) The Court is not persuaded and notes that in both cases cited, the same plaintiff was represented by the same law firm, the same judge issued both decisions, the defendants did not appear, and the cases are substantially different procedurally from the facts and circumstances here. In *Anderson v. Expressmart*, the defendant was properly served the summons and complaint yet failed to respond. No. 1:12-CV-3011-VEH, 2013 WL 121471, at *1 (N.D. Ala. Jan. 4, 2013). Because plaintiff Anderson did not present a sum certain for damages to the court, it declined to enter a judgment and instead scheduled a bench trial to determine damages. *Id.* at *3. In dicta to its order scheduling a bench trial, the court noted its inability to find a federal court decision discussing the appropriateness of an EFTA jury trial. *Id.* at *3 n.6. Similarly, in *Anderson v. Annies Supermart*, the defendant did not respond, resulting in a default judgment and an identical footnote questioning the appropriateness of an EFTA jury trial. No. 1:12-CV-3415-VEH, 2013 WL 535551, at *3 n.6 (N.D. Ala. Feb. 12, 2013). As to Comerica Bank's suggestion that a jury would suffer confusion or perhaps be sympathetic to Plaintiff, this

6

concern is more properly addressed by jury voir dire rather than denying Plaintiff's request entirely.

## IV. CONCLUSION

For the foregoing reasons, the motion seeking a jury trial is **GRANTED** and the February 27, 2025 hearing on this issue is **VACATED**.

**IT IS FURTHER ORDERED** that the parties shall, no later than March 13, 2025, meet and confer to discuss whether this Opinion impacts the existing scheduling deadlines. (Docs. 19; 30.) Should either party wish to file a motion requesting a change to the existing scheduling deadlines as a result of this Opinion, such motion shall be filed no later than March 20, 2025. If no motion is filed, the Court will issue an amended trial scheduling order and set jury voir dire and trial to take place on February 17-20, 2026.

**IT IS SO ORDERED.**

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE